IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-667

| | | |
|---|---|---|
| CAMPBELL ALLIANCE GROUP, INC.<br><br>Plaintiff,<br><br>v.<br><br>LYNN FORREST and ANDREW KWON,<br><br>Defendants. | ) | **ORDER** |

This matter is before the Court on plaintiff's motions for temporary restraining order, for expedited discovery, and to seal. For the reasons stated herein, plaintiff's motions for temporary restraining order and for expedited discovery are denied, and the motion to seal is granted.

BACKGROUND

Defendants Lynn Forrest and Andrew Kwon were employees of plaintiff Campbell Alliance Group, Inc. (Campbell). Plaintiff is a management consulting business within inVentive Health, Inc.. Forrest worked for Campbell for slightly over five years, beginning as a senior consultant and ending as a vice president, while Kwon worked for Campbell for slightly over seven years, beginning as an analyst and ending as an associate practice executive. Each defendant entered into employment agreement at the outset of his or her employment. Each agreement included non-competition agreements which prohibited defendants, for 12 months post-employment, from providing "covered services" to any "client" or "actively targeted prospect" of Campbell with whom they had contact on behalf of Campbell during the last 12 months of their employment and being employed in the "territory" by any entity that competes with Campbell. The agreements defined each term. Plaintiff argues that each defendant has breached the non-compete provision in the employment agreement by working in a "territory,"

soliciting an "actively targeted prospect," and by misappropriating Campbell's confidential information, goodwill, and customer relationships and seeks a temporary restraining order restraining each defendant from violating his or her respective non-compete agreement.

## DISCUSSION

*Temporary Restraining Order*

Whether requesting a temporary restraining order or preliminary injunction, a movant "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Critically, each of these four requirements must be satisfied." *League of Women Voters*, 769 F.3d at 249. The purpose of both a temporary restraining order and a preliminary injunction is to maintain the status quo while a lawsuit is pending. *League of Women Voters of N.C. v. N.C.*, 769 F.3d 224, 236 (4th Cir. 2014). The difference is that "a preliminary injunction preserves the status quo pending a final trial on the merits, [while] a temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held. *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999). A temporary restraining order is an "emergency procedure and is appropriate only when the applicant is in need of immediate relief." 11A Charles Wright, Arthur Miller & Mary Kane, *Federal Practice and Procedure* § 2951 (2d ed.).

Plaintiff has failed to demonstrate the need for immediate relief to preserve the status quo at this time and on this record. Campbell argues that the "threatened harm to Campbell's business raised by Defendant's conduct" constitutes irreparable harm. DE 5 at 22. While it is true that courts have determined that "threatened loss of market share and threatened loss of existing

and potential customers" satisfies the irreparable injury prong, plaintiff has not presented anything other than its unsupported conclusions that such results will ensue. The record now before the Court simply does not demonstrate that this is one of the "limited circumstances which demands" the grant of such extraordinary interim relief. *Steakhouse, Inc. v. City of Raleigh*, 166 F.3d 634, 637 (4th Cir. 1999).

Because plaintiff has not demonstrated that it will suffer irreparable harm at this time, the Court need not consider the other factors and denies plaintiff's request for temporary restraining order. Plaintiff's claim for preliminary injunctive relief can be adequately considered at a hearing on its motion for preliminary injunction and at that time, if necessary, adequate protections can be fashioned.

*Motion for Expedited Discovery*

Rule 26(d) of the Federal Rules of Civil Procedure provides for expedited discovery upon a showing of good cause. Plaintiff seeks expedited discovery in order to prepare for a preliminary injunction hearing. The Court considers three factors in analyzing plaintiff's request: 1) whether a preliminary injunction is pending; (2) whether the discovery is narrowly tailored to obtain information relevant to a determination on the pending motion; and (3) whether plaintiff will be irreparably harmed without obtaining expedited discovery. *Dimension Data North America Inc. v. NetStar-1, Inc.*, 226 F.R.D. 528, 531 (E.D.N.C. 2005).

The first factor is met, as a preliminary injunction is pending. The Court finds, however, that the other two factors do not weigh in favor of expedited discovery. While plaintiff argues that it does not seek expedited discovery of the entirety of the case, it seeks a significant amount of information, including requiring defendants to turn over their personal computers, smartphones, PDAs and work computers for inspection and forensic analysis and "all"

correspondence between defendants and their current employer at any time. The Court is hard pressed to see how this is a narrowly tailored request.

Moreover, plaintiff merely argues in support of the third factor that it will not be able to discover and present to the Court the full extent of defendants' wrongful conduct at the hearing on the preliminary injunction request. This does not constitute an irreparable harm. In fact, it does not constitute a harm at all, as plaintiff fails to state how it will be concretely injured in the absence of the requested schedule. In the absence of narrowly-tailored discovery requests and given the lack of evidence that plaintiff will be irreparably harmed by delaying the discovery requested until after the Rule 26 conference, expedited discovery is not reasonable.

## CONCLUSION

For the foregoing reasons, plaintiff's motions for a temporary restraining order and for expedited discovery [DE 10] are DENIED. A hearing will be held on plaintiff's motion for preliminary injunction during the Court's February 22, 2016, term. For good cause shown, plaintiff's motion to seal [DE 6] is GRANTED.

SO ORDERED, this 28 day of December, 2015.

Terrence Boyle

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE