IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-667-D

CAMPBELL ALLIANCE GROUP, INC., )
)
                Plaintiff, )
)
v. )    **ORDER**
)
LYNN FOREST, and ANDREW KWON, )
)
                Defendants. )

Campbell Alliance Group, Inc. ("Campbell" or "plaintiff") employed Lynn Forest ("Forest") for over five years. At Campbell, Forest initially worked as a senior consultant and ended her employment as a vice president. Andrew Kwon ("Kwon") worked for Campbell for approximately seven years, beginning work as an analyst and ending as an associate practice executive. Forest and Kwon each signed an employment agreement governed by North Carolina law with Campbell before beginning employment, and each agreement contains a non-competition provision. See [D.E. 1-1, 1-2].

Forest and Kwon quit their employment with Campbell and went to work for a competitor. On December 23, 2015, Campbell sued Forest and Kwon. Compl. [D.E. 1]. Campbell alleges breach of contract against Forest and Kwon (count one) and breach of fiduciary duty against Forest (count two). See id. ¶¶ 77–93. Campbell seeks injunctive relief, compensatory damages, attorney's fees, and costs. See id. 20–22 (prayer for relief). On December 28, 2015, the Honorable Terrence W. Boyle denied Campbell's motions for a temporary restraining order and for expedited discovery [D.E. 10]. On December 30, 2015, the case was reassigned to the undersigned [D.E. 15].

On January 28, 2016, Forest and Kwon moved to dismiss the complaint for failure to state a claim upon which relief can be granted [D.E. 30]. See Fed. R. Civ. P. 12(b)(6). On February 22,

2016, Campbell responded in opposition [D.E. 33]. On March 10, 2016, Forest and Kwon replied [D.E. 37].

A motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted" tests the legal and factual sufficiency of the complaint. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). The court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). The court need not, however, accept as true a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Id.

In evaluating a motion to dismiss, the court looks to the complaint and materials attached to the complaint. Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009); Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007); Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004). The court also may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); see In re PEC Sols., Inc. Sec. Litig., 418 F.3d 379, 388 n.7 (4th Cir. 2005); Greenhouse v. MCG Capital Corp., 392 F.3d 650, 656–57 (4th Cir. 2004).

The court has reviewed the record, the employment agreements, and governing North Carolina law. Forest and Kwon's motion to dismiss the breach of contract claim is denied. See, e.g., Clinical Staffing, Inc. v. Worldwide Travel Staffing Ltd., 60 F. Supp. 3d 618, 623–26 (E.D.N.C. 2013) (discussing North Carolina law concerning enforceability of covenants not to compete). As for Campbell's breach of fiduciary duty claim against Forest, it ekes across the line from possible

2

to plausible. See, e.g., Iqbal, 556 U.S. at 695–96; Dalton v. Camp, 353 N.C. 647, 651–52, 548 S.E.2d 704, 707–08 (2001); Austin Maint. & Constr., Inc. v. Crowder Constr. Co., 224 N.C. App. 401, 408–17, 742 S.E.2d 535, 541–46 (2012); Toomer v. Branch Banking & Tr. Co., 171 N.C. App. 58, 69–70, 614 S.E.2d 328, 336–37 (2005). Moreover, at this stage of the case, the court cannot conclude as a matter of law that the economic loss doctrine bars the claim. Cf. ACS Partners, LLC v. Americon Grp., Inc., No. 3:09cv464-RJC-DSC, 2010 WL 883663, at *8 (W.D.N.C. Mar. 5, 2010) (unpublished); Kelly v. Georgia-Pacific, LLC, 671 F. Supp. 2d 785, 790–96 (E.D.N.C. 2009). Whether either claim will survive a motion for summary judgment is an issue for another day.

In sum, defendants' motion to dismiss [D.E. 30] is DENIED. The parties shall engage in court-hosted mediation with Magistrate Judge James E. Gates.

SO ORDERED. This 11 day of April 2016.

JAMES C. DEVER III
Chief United States District Judge

3

Case 5:15-cv-00667-D   Document 38   Filed 04/11/16   Page 3 of 3