**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

**Civil Action No. 5:15-cv-00667-D**

| | |
|---|---|
| CAMPBELL ALLIANCE GROUP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>LYNN FORREST and ANDREW KWON,<br><br>Defendants. | **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* NO. 9 TO BAR EVIDENCE OR ARGUMENT THAT THE TERM "CLIENT" AS DEFINED IN THE RESTRICTIVE COVENANTS MEANS ANYTHING OTHER THAN "A DEPARTMENT WITHIN A COMPANY OR OTHER ENTITY"** |

Plaintiff Campbell Alliance Group, Inc. ("Plaintiff" or "Campbell"), through its counsel, Freeborn & Peters LLP, move this Court *in limine* to enter an Order barring Defendants Lynn Forrest ("Forrest") and Andrew Kwon ("Kwon," collectively, "Defendants") and their witnesses, experts and attorneys, from making any statements, offering or eliciting any testimony or opinions, or making any arguments, directly or indirectly, that relate, refer or pertain to argument that the term "client" as defined in the restrictive covenants means anything other than "a department within a company or other entity." In support of this Motion, Campbell states as follows:

Defendants previously sought to narrow the definition of "client" as defined in the restrictive covenants at issue. This Court, however, expressly denied that request. [D.E. 108 at 10-14.] Indeed, the Court rejected Defendants' arguments that 1) the definition of "client" prohibits more conduct than is reasonably necessary to protect Campbell's legitimate business interests; 2) that the definition of "client" is overbroad when applied to the Janssen corporate entities; and 3) that Campbell failed to identify what departments at Janssen entities are its

"clients" because the employment agreements' definition of "client" is too amorphous." [*Id*.] Thus, any mention of defining the term "client" in any other fashion than as defined within the restrictive covenants would directly contradict the Court's previous rulings and should therefore be excluded. *Gillis v. Murphy-Brown, LLC*, No. 7:14-CV-185-BR, 2018 WL 5905117, at *1 (E.D.N.C. Nov. 9, 2018) (granting motion in limine excluding previously excluded evidence).

WHEREFORE, Plaintiff Campbell Alliance Group, Inc. requests that this Court enter an Order barring Defendants and their witnesses, experts and attorneys, from making any statements, offering or eliciting any testimony or opinions, or making any arguments, directly or indirectly, that relate, refer or pertain to argument that the term "client" as defined in the restrictive covenants means anything other than "a department within a company or other entity," and granting such further relief as the Court may deem just.

Dated: August 1, 2019

Respectfully submitted,

**CAMPBELL ALLIANCE GROUP, INC.**

By: /s/ *David S. Becker*
One of its attorneys

Daniel F. Lanciloti
IL State Bar No. 6225408
David S. Becker
IL State Bar No. 6271932
Jennifer M. Huelskamp
Il State Bar No. 6309396
FREEBORN & PETERS LLP
311 S. Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 360-6000
Facsimile: (312) 360-6520
Email: dlanciloti@freeborn.com
Email: dbecker@freeborn.com
Email: jhuelskamp@freeborn.com

Kevin M. Ceglowski
N.C. State Bar No. 35703
POYNER SPRUILL LLP
301 Fayetteville Street, Suite 1900
Raleigh, NC 27602-01801
Telephone: (919) 783-6400
Facsimile: (919) 783-1075
Email: kceglowski@poynerspruill.com
LR 83.1 Counsel

*Attorneys for Plaintiff Campbell Alliance Group, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on the date shown below he caused the foregoing *PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 9 TO BAR EVIDENCE OR ARGUMENT THAT THE TERM "CLIENT" AS DEFINED IN THE RESTRICTIVE COVENANTS MEANS ANYTHING OTHER THAN "A DEPARTMENT WITHIN A COMPANY OR OTHER ENTITY"* to be electronically filed with the Clerk of Court using the CM/ECF system causing copies of the same to be served upon all attorneys of record.

Dated: August 1, 2019

/s/ *David S. Becker*
*Attorney for Campbell Alliance Group, Inc.*