IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

**Civil Action No. 5:15-cv-667-D**

| | | |
|---|---|---|
| CAMPBELL ALLIANCE GROUP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>LYNN FORREST and ANDREW KWON,<br><br>Defendants. | ) | **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE** |

COMES NOW Defendants Lynn Forrest and Andrew Kwon (collectively "Defendants"), by and through counsel, and files this response in opposition to Plaintiff Campbell Alliance Group, Inc.'s ("Campbell") Motions in Limine [D.E. 124-145].

## INTRODUCTION

Campbell has filed eleven (11) separate motions *in limine* which largely fail to properly identify specific pieces of evidence Campbell wants excluded. Courts universally deny an invitation to exclude broad, generalized categories of evidence. Because Campbell has failed to identify specific documents or testimony that should be excluded in its Motions, it is impossible for the Court to grant them. Additionally, Campbell's motions all rest on dubious, or in some instances completely nonexistent, legal precedent. The Court should deny Plaintiff's Motions, addressed separately below, in their entirety.

## ARGUMENT

### I. Motion *in Limine* No. 1 should be denied.

Campbell's Motion *in Limine* No. 1 seeking to "exclude evidence regarding Campbell's recruiting and hiring practices unrelated to the facts at issue in this action" should be denied. (*See* D.E. 124-25).

As an initial matter, Defendants have no idea what Campbell means when it refers to its "recruiting and hiring practices." Campbell improperly seeks to exclude a vague, general category of potential evidence through this Motion. It has failed to identify what specific recruiting and hiring practices should be excluded or why evidence of any such practices would be unfairly prejudicial to it. Because Campbell failed to identify any specific pieces of evidence, it is impossible for the Court to ascertain what it should or should not exclude and the Court should deny the Motion. *See Bouygues Telecom, S.A. v. Tekelec*, No. 4:05-cv-78, 2007 WL 9718142, *1 (E.D.N.C. Feb. 23, 2007) (Denying a motion *in limine* where a party sought to "exclude categories, documents, and evidence not specifically identified in the motions" and holding that "[t]he evidence sought to be excluded on a motion *in limine* must be identified with a level of specificity which permits the court to make the appropriate determination."); *see also In re C.R. Bard, Inc. Pelvic Repair Sys. Products Liab. Litig.*, No. 2:10-cv-01224, 2013 WL 3282926, *2 (S.D.W. Va. June 27, 2013) (denying motion *in limine* because the court could not rule on them "without knowing the particular piece of evidence" at issue or the argument to be made and the context in which such evidence or argument would arise.); *Wells Fargo Bank, N.A. v. Siegel*, No. 05-c-5635, 2007 WL 1118442, *3 (N.D. Ill. Apr. 16, 2007) (denying motion *in limine* that did not identify specific evidence as "[s]uch a vague and generalized request" was "not appropriate for a motion *in limine*.").

Campbell's citation to *In re Saftey-Kleen Bondholders Litig.*, No. 3:00-1145-17, 2005 WL 6075368, *6 (D.S.C. Feb. 4, 2005) is not persuasive nor even helpful to the Court in deciding any of Campbell's Motions. The *Safety-Kleen* case merely presents a summary of rulings by the trial court without any detail or analysis. The case does not provide authority for what Campbell cites it for in its Motions.

However, evidence regarding various aspects of Campbell's recruiting or hiring practices may be very relevant to any number of arguments advanced by Defendants. For instance, Defendant Forrest's argument that her restrictive covenant agreements lack consideration would be supported by evidence showing that Campbell has not always enclosed said agreements with its offer letters. Further, evidence that Campbell was forced to hire new employees would support Defendants argument that they resigned because Campbell was unable to successfully support the type of work clients like Janssen-affiliated companies were seeking. The Fourth Circuit has recognized that when a motion *in limine* seeks to exclude a general category of evidence, like that requested here, the best course of action is to deny the motion, because a blanket exclusion likely could preclude a party from introducing evidence that a court would find admissible with the benefit of knowing the particular evidence and the relevant context. *See E.I DuPont De Nemours & Co. v. Kolon Indus., Inc.*, 564 Fed. Appx. 710 (4th Cir. 2014). The Court should deny Campbell's Motion *in Limine* No. 1.

## II. Motion *in Limine* No. 2 should be denied.

Campbell's Motion *in Limine* No. 2 seeking to "exclude evidence of Campbell's past enforcement or non-enforcement of restrictive covenants other" than Defendants should be denied. (*See* D.E. 126-27).

Again, Defendants do not know what evidence Campbell is specifically referring to in this Motion. Campbell has again failed to identify what specific evidence should be excluded or why evidence of any such practices would be unfairly prejudicial to it. Because Campbell failed to identify any specific pieces of evidence, the Court should deny the Motion based on the reasons stated in Defendants' response in opposition to Motion *in Limine* No. 1 at *supra* pp. 2-3.

Further, Campbell is completely wrong that past evidence of enforcement or non-enforcement is irrelevant to the defense of this case. One of Defendant Forrest's main arguments in this litigation is that her restrictive covenant agreements were waived or modified by Mike Menta or Keith Kelly acting in their official capacities as officers of Campbell. Evidence that these corporate officers had previously taken similar actions bolsters the credibility of her claims. Thus, the information is directly relevant for that reason alone. The Court should deny the Motion.

## III. Motion *in Limine* No. 3 should be denied.

Campbell's Motion *in Limine* No. 3 seeking to "bar Defendants from raising any affirmative defenses not stated in their Answer" should be denied. (*See* D.E. 128-29).

First, Defendants do not know what alleged affirmative defenses Campbell is referring to in this Motion. Because Campbell failed to identify what specific evidence should be excluded the Court should deny the Motion based on the reasons stated in Defendants' response in opposition to Motion *in Limine* No. 1 at *supra* pp. 2-3.

However, even if that were not the case, this subject is not properly raised by a motion *in limine*. Whether or not a party is allowed to raise an affirmative defense is governed by Fed. R. Civ. P. 8. Courts routinely deny motions *in limine* as improper when they merely seek an order requiring the parties to comply with court rules. *See e.g. Loera v. Nat'l R.R. Passenger Corp.*, No. 02-C-736, 2004 WL 2584786, *3 (N.D. Ill. Nov. 10, 2004) (denying motion *in limine* noting that

"to the extent such matters may be covered by court rules or the law we shall abide by the pertinent court rules, but such matters are not properly raised in a motion *in limine*."). The Court should deny the Motion.

**IV. <u>Motion *in Limine* No. 4 is not a motion *in limine*.</u>**

Campbell's Motion *in Limine* No. 4 seeking to "allow an inVentiv/Syneos corporate representative at counsel table during trial including during damages presentations" is not actually a motion *in limine*. (*See* D.E. 130-31). It does not seek to exclude any piece of evidence or testimony. Instead it merely asks the Court to comply with court rules, specifically Fed. R. of Evid 615, and as such a motion *in limine* is not the proper vehicle by which Campbell should have made this request. *See Loera*, 2004 WL 2584786 at *3.

However, Defendants do not object to the Court allowing Campbell's request so long as the Court also allows Defendants to sit at counsel table during the entirety of the trial, including during damages presentations.

**V. <u>Motion *in Limine* No. 5 should be denied.</u>**

Campbell's Motion *in Limine* No. 5 seeking to "bar evidence or argument that the term indirect competition or indirect solicitations as defined in the restrictive covenants is overbroad and unenforceable as a matter of law" should be denied. (*See* D.E. 132-33).

Campbell's claim that the Court "expressly rejected" Defendants arguments at the summary judgment stage related to the terms "indirect competition" or "indirect solicitation" and therefore should be precluded from making similar arguments at trial is incorrect and misguided. First, Campbell appears to fundamentally misunderstand the purpose and effect of the different stages of civil litigation. At the summary judgment stage, the Court was required to view all evidence in the light most favorable to Campbell, the non-moving party. Viewing the evidence

and argument through that very deferential lens, the Court denied Defendants' Motion for Summary Judgment. (D.E. 108, p. 21). It did not grant summary adjudication to Campbell on any of its claims nor on any issue of fact or legal argument, despite having the authority to that if it had so chosen. (*Id.*; *see* Fed. R. Civ. P. 56).

Because the Court did not grant any such summary adjudication on fact issues and legal argument to Campbell, Defendants cannot now be precluded from making similar legal arguments to the Court who will be able to view those arguments in a new light, free of the Fed. R. Civ. P. 56 standard. Indeed, Campbell has failed to provide the Court with any legal precedent for such an exclusion. (*See generally* D.E. 132-33). It cites *Gillis v. Murphy-Brown, LLC*, but that case does not stand for this proposition. The *Gillis* Court did not preclude parties from making arguments at trial that they had previously made at summary judgment. Instead, the *Gillis* Court cited orders in related cases where it had excluded evidence related to worker health records that it had previously in the litigation ordered be excluded. Unlike in *Gillis*, this Court has never entered an order excluding Defendants from making arguments related to terms used in Defendants' Agreements. The two cases have nothing in common.

Campbell chose not to file its own Motion for Summary Judgment. It cannot now use this Motion *in Limine* as a substitute summary judgment motion to ask the Court to weigh evidence or preclude Defendants from presenting their case at trial. *See Dunn ex rel. Albery v. State Farm Mut. Auto. Ins. Co.*, 264 F.R.D. 266 (E.D. Mich. 2009) ("[M]otions *in limine* are meant to deal with discrete evidentiary issues related to trial, and are not another excuse to file dispositive motions disguised as motions *in limine*."); *Huff v. Illinois*, No. 97–C–4568, 2003 WL 168630, *5 (N.D.Ill. Jan. 23, 2003) ("A motion *in limine* is not the appropriate vehicle for asking that" a party "be barred from offering any evidence in support of their" claims or defenses.); *SPX Corp. v. Bartec*

*USA*, No. 06–14888, 2008 WL 3850770, *3 (E.D.Mich. Aug. 12, 2008) ("motions *in limine* are not proper procedural devices for the wholesale disposition of theories or defenses.") *Tompkins v. Eckerd*, No. 8:09-02369, 2012 WL 1110069, *3 (D. SC. Apr. 3, 2012) ("[A] motion *in limine* should not be used to resolve factual dispute or weigh evidence."); 75 Am. Jur. 2d Trial § 99 (2004) ("motions *in limine* are not to be used as a sweeping means of testing issues of law."). The Court should deny Motion *in Limine* No. 5. *Mickens v. Polk County School Board*, 195 F. App'x 928, 928 (11th Cir.2006) (It is proper for a court to deny a "motion in limine [that is really] an untimely motion for summary judgment.").

## VI. Motion *in Limine* No. 6 should be denied.

Campbell's Motion *in Limine* No. 6 seeking to "bar evidence regarding proceedings filed against Acsel Health, LLC" should be denied. (*See* D.E. 134-35).

Campbell claims that evidence of proceedings that it has filed against Acsel Health, LLC are not relevant to this matter and that such evidence will "prejudice" its case. However, evidence of this litigation is relevant to any damages arguments Campbell may make. And Campbell has not provided any actual information regarding how evidence of litigation it has initiated against Defendants' employer will prejudice it. Because it has failed to identify how it will be prejudiced, the Court cannot exclude such evidence under Fed. R. Evid. 403. The Court should deny this Motion.

## VII. Motion *in Limine* No. 7 should be denied.

Campbell's Motion *in Limine* No. 7 seeking to "bar any reference to other litigation involving inVentiv, Campbell, Syenos, or to which inVentiv, Campbell, or Syenoes is a party" should be denied. (*See* D.E. 136-37).

Defendants again do not know what Campbell means when it refers "other litigation" in this Motion. However, Campbell has again failed to identify what specific litigation Defendants should be precluded from mentioning, or why evidence of any such litigation would be unfairly prejudicial to it. Because Campbell failed to identify what specific evidence should be excluded the Court should deny the Motion based on the reasons and case law stated *supra* p. 2. The Motion should be denied.

**VIII. Motion *in Limine* No. 8.**

Campbell's Motion *in Limine* No. 8 seeks to "bar witnesses from the courtroom prior to their testimony." (*See* D.E. 138-39).

Defendants read this Motion as applying to fact witnesses, not the parties themselves or expert witnesses. Defendants should not be sequestered. Parties "to a lawsuit ha[ve] a right to attend trial absent an overwhelming reason to the contrary" which Campbell has not come close to articulating in its Motion. *See Helminski v. Ayerst Laboratories*, 766 F.2d 208 (6th Cir. 1985). Second, the parties' experts should not be sequestered as they might be called upon to testify regarding new information provided by various witnesses over the course of the trial. They will be unable to aid the Court in deciphering evidence if they were not present to hear it.

Given the above, Defendants—while believing it unnecessary—do not object to the sequestration of fact witnesses, other than Defendants, as long as the bar applies to witnesses of both parties and that individuals Campbell may utilize as rebuttal witnesses remain sequestered throughout the duration of the trial.

**IX. Motion *in Limine* No. 9 should be denied.**

Campbell's Motion *in Limine* No. 9 seeking to "bar evidence or argument that the term client as defined in the restrictive covenants means anything other than a department within a

company or other entity" should be denied. (*See* D.E. 140-41). The Court should deny this motion for the same reasons articulated in Defendants' response in opposition to Motion *in Limine* No. 5 *supra* pp. 5-7.

**X. Motion *in Limine* No. 10 should be denied.**

Campbell's Motion *in Limine* No. 10 seeking to "bar evidence or argument that the restrictive covenants are facially invalid as a matter of law" should be denied. (*See* D.E. 142-43). The Court should deny this motion for the same reasons articulated in Defendants' response in opposition to Motion *in Limine* No. 5 *supra* pp. 5-7.

**XI. Motion *in Limine* No. 11 should be denied.**

Campbell's Motion *in Limine* No. 11 seeking to "bar evidence or argument that the restrictive covenants do not apply to Defendant Andrew Kwon because he is a California resident" should be denied. (*See* D.E. 144-45). The Court should deny this motion for the same reasons articulated in Defendants' response in opposition to Motion *in Limine* No. 5 *supra* pp. 5-7.

Respectfully submitted, this the 8th day of August, 2019.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

/s/ Brodie D. Erwin
Phillip J. Strach
North Carolina Bar No. 29456
Brodie D. Erwin
North Carolina Bar No. 44368
4208 Six Forks Road, Suite 1100
Raleigh, North Carolina 27609
Telephone: (919) 787-9700
Facsimile: (919) 783-9412
Phil.Strach@odnss.com
Brodie.Erwin@odnss.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, Brodie D. Erwin, hereby certify that on this day I electronically filed **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE** with the Clerk of Court using the Court's CM/ECF System, which will give electronic notice of the same to the following CM/ECF participants:

Daniel F. Lanciloti
David L. Ter Molen
David S. Becker
Jennifer M. Huelskamp
Jason Fogel
Freeborn & Peters, LLP
311 S. Wacker Dr., Suite 3000
Chicago, Illinois 60606
Telephone: (312) 360-6000
Facsimile: (312) 360-6520

Kevin M. Ceglowski
LR 83.1 Counsel
Poyner Spruill, LLP
301 Fayetteville St., Suite 1900
Raleigh, North Carolina 27602
Telephone: (919) 783-6400
Facsimile: (919) 783-1075

*Attorneys for Plaintiff*

This, the 8th day of August, 2019.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

/s/ Brodie D. Erwin
Phillip J. Strach
North Carolina Bar No. 29456
Brodie D. Erwin
North Carolina Bar No. 44368
4208 Six Forks Road, Suite 1100
Raleigh, North Carolina 27609
Telephone: (919) 787-9700
Facsimile: (919) 783-9412
Phil.Strach@odnss.com
Brodie.Erwin@odnss.com

*Attorneys for Defendants*