IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No. 5:15-cv-667-D

CAMPBELL ALLIANCE GROUP, INC.,

    Plaintiff,

v.

LYNN FORREST and ANDREW KWON,

    Defendants.

**PRE-TRIAL ORDER**

Date of Conference: September 3, 2019 at 1:00 p.m.

Appearances:  For Plaintiff:    Daniel F. Lanciloti
David S. Becker
FREEBORN & PETERS, LLP
Chicago, Illinois

Kevin M. Ceglowski
POYNER SPRUILL LLP
Raleigh, North Carolina
LR 83.1 Counsel

    For Defendants:    Phillip J. Strach
Brodie D. Erwin
OGLETREE, DEAKINS, NASH,
    SMOAK & STEWART, P.C.
Raleigh, North Carolina

I.    STIPULATIONS

    A.    The Parties

    1.    Plaintiff, Campbell Alliance Group ("Campbell"), during the pendency of this litigation, changed its name to inVentiv Health Consulting and, later, to Syneos Health Consulting. For purposes of consistency, the parties have agreed to refer to the entity as Campbell Alliance Group or Campbell.

    2.    Defendants Forrest is a citizen of the State of New York.

3. Defendant Kwon is a citizen of the State of California and resides in Woodland Hills, California.

4. All parties are properly before this Court.

B. Jurisdiction and Venue

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

2. Venue is proper with the U.S. District Court for the Eastern District of North Carolina.

3. All defendants have been correctly designated.

4. There is no question as to misjoinder or nonjoinder of parties.

C. General Facts

1. Defendant Forrest began working for Campbell as a "senior consultant" in April 2010.

2. In January 2015, Defendant Forrest was promoted to the position of vice president in Campbell's Commercial Excellence and Pricing and Market Access practice areas. She was one of approximately twenty-five (25) individuals employed by Campbell as a vice president.

3. Defendant Forrest's immediate supervisor was Keith Kelly, one of Campbell's Managing Directors and the Practice Area Leader for the Pricing and Market Access Group. At the time Mike Menta was Campbell's Chief Operating Officer.

4. Both Defendant Forrest and Defendant Kwon signed agreements titled, "employee confidentiality, proprietary rights and intellectual property agreement" that contain restrictive covenants.

5. The restrictive covenant agreements that defendants entered into with Campbell are identical in all material respects.

6. The agreements include a "Competition Provision" that prohibits Defendants, for a period of twelve (12) months from providing "Covered Services" to any "Client" or "Actively Targeted Prospect" of Campbell or being employed in the "Territory" by any entity that competes with Campbell.

7. "Client" or "Actively Targeted Prospects" is defined in the restrictive covenant agreements as "a department within a company or other entity (under the control of a Director, VP, or comparable position) for which Campbell has provided Covered Services or actively marketed (e.g. called upon to discuss) Covered Services."

8. "Territory" is defined as:

2

i) North Carolina, (ii) New Jersey, (iii) Pennsylvania, (iv) New York, (v) Massachusetts, (vi) Maryland, (vii) Illinois, (viii) California, (ix) Georgia, (x) the United Kingdom or any city, metropolitan area, county (or similar political subdivisions in foreign countries) in which Employee provided or supervised the provision of Covered Services on behalf of Campbell in the last twelve (12) months of Employee's employment with Campbell.

9. The Agreements also include a non-solicitation provision that prohibits Defendants, for a period of eighteen (18) months after their termination of employment, from:

directly or indirectly, on behalf of Employee or on behalf of any person, firm, partnership, corporation, association or entity solicit[ing] or call[ing] upon any Client or Actively Targeted Prospect of Campbell with whom Employee had any contact on behalf of Campbell, or for whom Employee had significant exposure to Confidential Information through Campbell, during the last twelve (12) months of Employee's employment with Campbell for the purpose of inducing such client or prospective client to discontinue their relationship with Campbell or soliciting business that is the same, similar to, or in competition with the Business of Campbell.

10. The "Business of Campbell" is defined as:

(i) the provision of consulting services, market research, publications and web portal implementation in the pharmaceutical, biotechnology, medical device or diagnostic fields or related fields, as well as the development, marketing, and sale of pharmaceutical and biotech industry-focused academic courses and training programs, (ii) the support of the delivery of consulting, market research, publications, web portals, academic courses and training in those fields, and (iii) any other business actually be conducted by Campbell.

11. "Campbell" is further defined as "all subsidiaries, divisions, and affiliates of Campbell Alliance Group, Inc., including those acquired during the term" of defendants' restrictive covenant agreements.

12. The various Janssen entities produce many drug brands both globally and in the United States. Currently, Johnson & Johnson reports that Janssen corporate entities produce fifty-four (54) different drug brands.

13. On August 10, 2015, Defendant Forrest informed Keith Kelly, her direct supervisor and the Practice Group Leader for Campbell's Pricing and Market Access Group, that she intended to resign.

14. On August 10, 2015, Defendants Kwon resigned from his position at Campbell.

15. On August 16, 2015, Defendant Forrest informed Campbell that she was resigning.

3

16. Since becoming employed by Acsel, Defendants have performed work for only the following Janssen-related entities: Janssen Global Services, LLC; Janssen Biotech, Inc.; and Janssen Pharmaceuticals, LLC.

D. Legal Issues:

The parties identify the following as legal issues that both parties agree remain to be resolved by the Court at trial:

1. Is Lynn Forrest's "Employee Confidentiality, Proprietary Rights and Intellectual Property Agreement" supported by adequate consideration?

2. Did Lynn Forrest and Andrew Kwon breach their non-solicitation obligations pursuant to their "Employee Confidentiality, Proprietary Rights and Intellectual Property Agreement[s]" by soliciting Campbell's Clients and Target Prospects within eighteen (18) months of the end of their employment at Campbell?

3. Did Lynn Forrest breach her non-solicitation obligations pursuant to her "Employee Confidentiality, Proprietary Rights and Intellectual Property Agreement" by soliciting Andrew Kwon to leave Campbell's employ and join her in a new business venture while both Forrest and Kwon were still employed at Campbell?

4. Did Lynn Forrest and Andrew Kwon breach their non-competition obligations pursuant to their "Employee Confidentiality, Proprietary Rights and Intellectual Property Agreement[s]" by performing work for Janssen entities within twelve (12) months of the end of their employment with Campbell?

5. Has Campbell established its right to obtain an award of damages for Ms. Forrest's and Mr. Kwon's breaches of their "Employee Confidentiality, Proprietary Rights and Intellectual Property Agreement[s]?"

6. Has Campbell established its right to obtain an award of specific performance and for entry of an order preventing Ms. Forrest and Mr. Kwon each from soliciting Campbell's "Clients" and "Actively Targeted Prospect[s] (as defined in Forrest's and Kwon's "Employee Confidentiality, Proprietary Rights and Intellectual Property Agreement[s]") for a period of 18 months beginning at the time of judgment?

7. Has Campbell established its right to obtain an award of specific performance and for entry of an order preventing Ms. Forrest and Mr. Kwon each from soliciting Campbell's "Clients" and "Actively Targeted Prospect[s] (as defined in Forrest's and Kwon's "Employee Confidentiality, Proprietary Rights and Intellectual Property Agreement[s]") for a period of 12 month beginning at the time of judgment?

8. Plaintiff acknowledges that Defendants have identified additional legal issues that Defendants believe still need to be resolved by this Court at trial. Those remaining issues are identified in Defendants' Finding of Fact and Conclusions of Law (D.E. 148) and addressed in Defendants' Memoranda of Points and Authorities (D.E. 147). Plaintiff's position

4

is that all remaining legal issues have been resolved by this Court in its ruling on Defendants' Motion for Summary Judgment (D.E. 108) and that this Court need not revisit those issues.

E. Factual Issues:

1. Did Defendant Forrest sign her Employment Agreement containing restrictive covenants before she began working at Campbell?

2. Did Plaintiff modify, waive, or amend Defendant's obligations under their "Employee Confidentiality, Proprietary Rights and Intellectual Property Agreement[s]" during an oral discussion with Lynn Forrest before she resigned?

3. Are the therapeutic areas and training groups at the relevant Janssen companies departments within a company or other entity (under the control of a Director, VP, or comparable position) for which Campbell has provided Covered Services or actively marketed (e.g. called upon to discuss) Covered Services?

4. Has Campbell presented evidence sufficient to establish that Defendants performed work in the last twelve (12) months of their employment with Campbell for each area or group that Campbell contends is a department at Janssen companies?

5. While employed with Acsel, have the projects Defendants worked on for Janssen companies amounted to providing "Covered Services" to a department within a company or other entity (under the control of a Director, VP, or comparable position) for which Campbell has provided Covered Services or actively marketed (e.g. called upon to discuss) Covered Services?

6. Has Campbell presented evidence sufficient to establish actual damages in an amount that is certain and non-speculative?

II. CONTENTIONS.

A. Plaintiff's contentions are contained in its Finding of Fact and Conclusions of Law that were filed with the Court as D.E. 123 and are attached here as Exhibit A. Other than the factual matters addressed in paragraphs 2, 13-19, 38-40, and 42 and, in part, in paragraphs 9-11, 41, 43, 53, and 75 of that document, which are covered by the Stipulations of Fact stated above, all other statements in Plaintiff's Finding of Fact and Conclusions of Law present Plaintiff's contentions in this matter.

B. Defendants' contentions are contained in their Answer filed with the Court at D.E. 46, their Memoranda of Points and Authorities filed with the Court as D.E. 147, and their Finding of Fact and Conclusions of Law that were filed with the Court as D.E. 148, , attached here as Exhibit B. Other than the factual matters addressed in paragraphs 1-6, 15, 16, 18, 21, 22, 25-30, 42, and, in part, 85, 86 and 113 of that documents, which are covered by the Stipulations of Fact stated above. All other statements in Defendants' Memoranda of Points and Authorities and Finding of Fact and Conclusions of Law present Defendants' contentions in this matter.

5

III. EXHIBITS

Attached hereto as Exhibit C is a Trial Exhibit List comprising the entirety of exhibits identified by both Plaintiff and Defendants. All exhibits on that list that have been identified by either party and that are not objected to have been identified as "Trial Exhibits." Exhibits identified by Plaintiff that have been objected to by Defendants are identified as "Plaintiff's Exhibits" or by the acronym "PX." Exhibits identified by Defendants that have been objected to by Plaintiffs are identified as "Defendants' Exhibit" or by the acronym "DX."

IV. DESIGNATION OF PLEADINGS AND DISCOVERY MATERIALS.

A. Plaintiff designates the following pleadings and discovery materials for consideration by the Court at trial:

| Document | Portion | Objection | Reason |
|---|---|---|---|
| 1. Verified Complaint for Injunctive and Other Relief dated December 23, 2015 | ¶¶ 1 - 88 | | |
| 2. Defendants' Answer dated May 4, 2016 | ¶ 20; ¶ 22; ¶ 32; ¶ 34; ¶¶ 46-47; ¶¶ 53-54; ¶¶ 59-61; ¶¶ 63-64; ¶¶ 70-72 | | |
| 3. Plaintiff's Objections and Answers to Defendants' First Set of Interrogatories dated July 12, 2016 | Interrogatories and Answers to ¶¶ 5, 6, 11, 12, 13, 14, 16 | | |
| 4. Defendants' Responses to Plaintiff's First Set of Interrogatories dated July 25, 2016 | Interrogatories and Answers to ¶¶ 1, 2, 3, 4, 6, 7 | | |
| 5. Plaintiff's Second Supplemental Objections and Answers to Defendants' First Set of Interrogatory Nos. 2, 3, 5, 10, 12, 14, and 15 and Its Second | Interrogatories and Second Supplemental Answers to ¶¶ 6, 7, 14, 15; Exhibit A | | |

Supplemental Answers to Interrogatory Nos. 6 and 7 dated August 15, 2016

B.  Defendants designate the following pleadings and discovery materials for consideration by the Court at trial:

1.  Verified Complaint for Injunctive and Other Relief dated December 23, 2015 [D.E. 1, and all supporting exhibits]

2.  Plaintiff's Memorandum of Law in Support of Its Motion for Preliminary Injunction [D.E. 5 and all supporting exhibits]

3.  Plaintiff's Reply to Response to Motion for Preliminary Injunction. [D.E. 57 and all supporting exhibits]

4.  Plaintiff's Answers to Defendants' First Set of Interrogatories [all responses]

5.  Plaintiff's First Supplemental Answers to Interrogatories Nos. 6, 7, and 16 [all responses]

6.  Plaintiff's Second Supplemental Answers to Interrogatories Nos. 2,3, 4, 6, 7 10, 12, 14, and 15 [all responses]

7.  Plaintiff's Response to Defendants' Motion for Summary Judgment and all supporting exhibits. [D.E. 87; D.E. 88-99]

V.  WITNESSES.

A.  Plaintiff's Witness List.

1.  Plaintiff expects to present the following witnesses to testify at trial:

a.  Michael Menta – Mr. Menta will establish the existence and content of Defendants' "Employee, Confidentiality, Proprietary Rights and Intellectual Property Agreement[s];" Defendants' employment and work performed at Campbell; the operation of Campbell; facts relating to Defendants' departure from Campbell; the lack of any waiver of any obligation owed to Campbell; Campbell's capacity to do the work performed by Defendants for Janssen (as employees of Acsel) after their departure from Campbell; Defendants' breaches of their agreements with Campbell; and facts supporting Campbell's damages and entitlement to specific performance.

b.  Keith Kelly – Mr. Kelly will establish the existence and content of Defendants' "Employee, Confidentiality, Proprietary Rights and Intellectual Property Agreement[s];" Defendants' employment and work performed at Campbell; the operation of

Campbell; facts relating to Defendants' departure from Campbell; the lack of any waiver of any obligation owed to Campbell; Campbell's relationship with relevant Janssen entities; the departments at Janssen; work performed by Defendants for Janssen during the 12 months before their departure from Campbell; Campbell's capacity to do the work performed by Defendants for Janssen (as employees of Acsel) after their departure from Campbell; Defendants' breaches of their agreements with Campbell; and facts supporting Campbell's damages and entitlement to specific performance.

    c. Rohit Sood – Mr. Sood will testify about facts relevant to Defendants' departure from Campbell, Campbell's relationship with relevant Janssen entities; the departments at Janssen; work performed by Defendants for Janssen during the 12 months before their departure from Campbell; and Campbell's capacity to do the work performed by Defendants for Janssen (as employees of Acsel) after their departure from Campbell.

    d. Ivy Robertson – Ms. Robertson will establish Campbell's establish that Ms. Forrest executed her offer letter, employment agreements, and related materials before the start of her employment at Campbell. She will also establish Campbell's policies and procedures regarding obtaining executed offer letters, employment agreements, and related materials before setting a start date for any employee. She will also establish the authenticity and foundation for Defendants' employment agreements.

    e. Dayna Anderson – Ms. Anderson will provide her expert opinion regarding the calculation of damages and Plaintiff's lost profits resulting from Defendants' breaches.

    f. Lynn Forrest – Ms. Forrest will establish the existence and content of her "Employee, Confidentiality, Proprietary Rights and Intellectual Property Agreement[s];" Defendants' employment and work performed at Campbell; facts relating to Defendants' departure from Campbell; her relationship with relevant Janssen entities and individuals employed at those entities; work performed by Defendants for Janssen during the 12 months before their departure from Campbell; Defendants' breaches of their agreements with Campbell; and facts supporting Campbell's damages and entitlement to specific performance.

    g. Andrew Kwon – Mr. Kwon will establish the existence and content of his "Employee, Confidentiality, Proprietary Rights and Intellectual Property Agreement[s];" Defendants' employment and work performed at Campbell; facts relating to Defendants' departure from Campbell; his relationship with relevant Janssen entities and individuals employed at those entities; work performed by Defendants for Janssen during the 12 months before their departure from Campbell; Defendants' breaches of their agreements with Campbell; and facts supporting Campbell's damages and entitlement to specific performance.

    h. Lujing Wang – Mr. Wang will establish facts relating to Acsel's recruitment of Defendants; Defendants' breaches of their agreements with Campbell; and facts supporting Campbell's damages and entitlement to specific performance.

   2. Plaintiff may call the following witnesses to testify at trial if the need arises:

a. Patrick Manhard – Mr. Manhard may be called upon to testify regarding facts relating to Campbell's finances and issues relating to damages caused by Defendants' breaches of their agreements with Campbell.

b. Any witness identified by Defendants.

3. Witnesses who Plaintiff may present by deposition

a. Lujing Wang - Designated portions of the transcript along with counter-designations and objections are included in the table attached as Exhibit D. For the Court's reference, highlighted copies of transcripts of Mr. Wang's depositions are attached to Exhibit D as Exhibit 1.

b. Ivy Robertson - Designated portions of the transcript along with counter-designations and objections are included in the table attached as Exhibit D. For the Court's reference, a highlighted copy of the transcript of Ms. Robertson's deposition is attached to Exhibit D as Exhibit 2.

B. Defendants' Witness List.

1. Defendants expect to call the following witnesses at trial:

a. Lynn Forrest- Ms. Forrests will establish facts related to her hiring by Campbell; the timing of the execution of her restrictive covenant agreements; the work she performed while at Campbell for Janssen-affiliated companies; her decision to resign from Campbell and the events surrounding her resignation; Campbell's modification and/or waiver of her restrictive covenant agreements; the fact that she did not solicit work from any Campbell client; and facts related to the work she performs on behalf of Acsel.

b. Andrew Kwon- Mr. Kwon will establish facts related to his hiring by Campbell; the work he performed while at Campbell for Janssen-affiliated companies; his decision to resign from Campbell and the events surrounding his resignation; the fact that Defendant Forrest did not cause him to resign his employment with Campbell; that he did not solicit work from any Campbell client; and facts related to the work he performed on behalf of Acsel.

c. Lujing Wang- Mr. Wang will testify that he did not recruit nor hire Defendants with an eye towards having Defendants' bring Janssen-affiliate project work to Acsel; he will establish facts related to how the pharmaceutical consulting world operates, competition present in the marketplace; and how project work is typically awarded.

d. Michael Menta- Mr. Menta will provide facts related to his agreement to waive and/or modify Defendant Forrest's restrictive covenants; information related to who the true "client" is for Campbell employees trying to obtain project work from Janssen-affiliate companies; his interpretation of what actions the provisions in Defendants' restrictive

9

covenants preclude; and information related to the internal turmoil at Campbell in 2014-2015 that resulted in Defendants' decision to resign their employment.

    e. Keith Kelly- Mr. Kelly will provide facts related to his agreement to waive and/or modify Defendant Forrest's restrictive covenants; information related to who the true "client" is for Campbell employees trying to obtain project work from Janssen-affiliate companies; his interpretation of what actions the provisions in Defendants' restrictive covenants preclude; and information related to the internal turmoil at Campbell in 2014-2015 that resulted in Defendants' decision to resign their employment.

    f. Robert Hancock will provide his expert opinion regarding how Plaintiff's expert is not qualified to provide expert opinions in this matter and how her calculation of Campbell's alleged lost profits is fatally flawed.

    g. Dayna Anderson- Ms. Anderson will establish that her calculations of Campbell's alleged lost profits are based on flawed assumptions and methodologies not generally accepted in the field of damages analysis or by courts.

   2. Defendants may also all the following witnesses at trial:

    a. Meredith Unger- Ms. Unger will provide testimony related to the internal structure at Janssen-affiliated companies and her interactions and business relationships with Defendants.

    b. Chris Maffie- Mr. Maffie will provide testimony related to the internal structure at Janssen-affiliated companies and his interactions and business relationships with Defendants.

    c. Debra Alper- Ms. Alper will provide testimony related to the internal structure at Janssen-affiliated companies and her interactions and business relationships with Defendants.

    d. Felicia D'Oria- Ms. D'Oria will provide testimony related to the internal structure at Janssen-affiliated companies and her interactions and business relationships with Defendants.

    e. Shruti Kusumgar- Ms. Kusumgar will provide testimony related to the internal structure at Janssen-affiliated companies and her interactions and business relationships with Defendants.

    f. Elena Cordero- Ms. Cordero will provide testimony related to the internal structure at Janssen-affiliated companies and her interactions and business relationships with Defendants.

    g. Maura Snyder- Ms. Snyder will provide testimony related to the internal structure at Janssen-affiliated companies and her interactions and business relationships with Defendants.

     h. Marisa Graziano- Ms. Graziano will provide testimony related to the internal structure at Janssen-affiliated companies and her interactions and business relationships with Defendants.

     i. Any witness identified by Plaintiff

  3. Witnesses who defendants may present by deposition:

    a. Matthew Bouchard - Designated portions of the transcript along with counter-designations and objections are included in the table attached as Exhibit E. For the Court's reference, a highlighted copy of the transcript of Mr. Bouchard's deposition is attached to Exhibit E as Exhibit 1.

    b. Daniel G. Jones - Designated portions of the transcript along with counter-designations and objections are included in the table attached as Exhibit E. For the Court's reference, a highlighted copy of the transcript of Mr. Jones' deposition is attached to Exhibit E as Exhibit 2.

    c. Rohit Sood - Designated portions of the transcript along with counter-designations and objections are included in the table attached as Exhibit E. For the Court's reference, a highlighted copy of the transcript of Mr. Sood's deposition is attached to Exhibit E as Exhibit 3.

    d. Defendants have indicate that, if required, they "may present out-of-state witnesses testimony in the form of *de bene esse* deposition testimony." Plaintiff objects to this disclosure and Defendants' intent to do so. To date, Defendants have not identified any witness they see to present in this fashion and the parties have not even discussed the possibility. At this late date, and without proper notice, Plaintiff objects to any presentation of any witness in the form of *de bene esse* deposition testimony.

VI. TRIAL TIME ESTIMATE: The Court has set a four-day trial time for this matter.

APPROVED SUBJECT TO THE COURT'S RULINGS AT THE PRETRIAL CONFERENCE.

 This __3__ day of September 2019.

                _/s/ J. Dever_
                JAMES C. DEVER III
                United States District Judge